NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| TAMARIN LINDENBERG, | : | |
| | : | **Civil Action No. 14-833 (SRC)** |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| ARRAYIT CORPORATION, ARRAYIT | : | |
| DIAGNOSTICS, INC., AVANT | : | |
| DIAGNOSTICS, INC., JOHN HOWELL, | : | |
| STEVEN SCOTT, and | : | |
| GREGG LINN, | : | |
| Defendants. | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion for reconsideration of this Court's February 18, 2016, Opinion and Order filed by Defendants Arrayit Diagnostics, Inc. ("AD"), Avant Diagnostics, Inc.,[1] Steven Scott, and Gregg Linn (together, "Defendants"), pursuant to Local Civil Rule 7.1(i) [Docket No. 74]. Plaintiff Tamarin Lindenberg ("Plaintiff" or "Lindenberg") has opposed the motion and cross-moved for reconsideration [Docket No. 78]. The Court has considered the papers filed by the parties. For the reasons that follow, the court will deny both Defendants' motion and Plaintiff's cross-motion.

---

[1] Arrayit Diagnostics, Inc. changed its name to Avant Diagnostics, Inc. At all times relevant to this suit, the corporate entity operated under the name of Arrayit Diagnostics and will thus be referred to as Arrayit Diagnostics in this Opinion.

A court may grant a motion for reconsideration if the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); L. Civ. R. 7.1(i). Reconsideration is "an extraordinary remedy," and is to be granted very "sparingly." *See NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D. N.J. 1996) (citing *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D. N.J. 1986)). The parties have failed to demonstrate that reconsideration is warranted.

Defendants ask the Court to revise two sections of the Opinion that Defendants claim (1) found a nexus between Plaintiff's termination and the whistleblowing conduct protected by CEPA and (2) found that Plaintiff has shown that she complained about illegal conduct for the purposes of CEPA. As a threshold matter, Defendants appear to misunderstand the procedural posture of the case. On a motion for summary judgment, the Court did not examine whether Lindenberg had satisfied an element of her claim, but whether she has "provided sufficient evidence to allow a jury to find in [her] favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001). The Court concluded that she has.

The Court first found that Plaintiff's testimony stating that she complained about alleged S-1 abnormalities to Rene Schena, the CEO of AD's parent company Arrayit Corporation, coupled with Plaintiff's testimony that Schena expressed her intent to immediately relay that information to AD's CEO Steven Scott, can allow a jury to find that Plaintiff performed a whistleblowing activity for the purposes of CEPA. Evidence of a "declarant's intent or plan may be used to show that the declarant acted in accord with that plan." *United States v. Donley*, 878 F.2d 735, 738 (3d Cir. 1989) (citing *Mut. Life Ins. Co. v. Hillmon,* 145 U.S. 285 (1892)). In other words, a jury can

2

conclude that Schena told Scott about Lindenberg's objections to the S-1 based on Schena's allegedly articulated intent to do so.  Next, the Court concluded that a jury can infer a retaliatory motive for Lindenberg's termination from the two-day lapse between Lindenberg's meeting with Schena and the adverse employment action.  Defendants have not illustrated any errors for reconsideration.

Finally, Defendants take issue with the Court's holding regarding the reasonableness of Plaintiff's belief that Defendants' conduct violated a law, rule, or regulation.  The Court held that Plaintiff has presented sufficient evidence to allow a jury to conclude that Lindenberg objected to conduct that she "reasonably believe[d]" was unlawful.  *Gerard v. Camden County Health Servs. Ctr.*, 792 A.2d 494, 498 (N.J. Sup. Ct. App. Div. 2002) (quoting *Mehlman v. Mobil Oil Corp.*, 707 A.2d 1000, 1016 (N.J. 1998)).  Plaintiff does not need to introduce additional evidence to prove that the alleged misrepresentations were material because the existing evidence is sufficient for a jury to be able to determine that Lindenberg actually believed that a violation had occurred and that her belief was objectively reasonable.  *See Dzwonar v. McDevitt*, 828 A.2d 893, 902 (N.J. 2003).  Defendants have shown no basis to reconsider this conclusion.  Accordingly, Defendants' motion for reconsideration will be denied.

Plaintiff has filed a cross-motion for reconsideration.  The Court will not consider Plaintiff's motion because it was not timely filed.  Local Rule 7.1(i) requires a party to file a motion for reconsideration within 14 days after the entry of the order or judgment.  Plaintiff filed her motion one month after the Opinion and Order was issued.  It is well-settled that untimeliness alone constitutes sufficient grounds to deny a motion for reconsideration.  *XL Specialty Ins. Co. v. Westmoreland Coal Co.*, No. 06-1234, 2006 WL 2241517, at *2 (D. N.J. Aug. 4, 2006); *T.H. ex rel. A.H. v. Clinton Twp. Bd. of Educ.,* No. 05-3709, 2006 WL 1722600, at *2 (D. N.J. June 19,

2006); *Morris v. Siemens Components, Inc.*, 938 F.Supp. 277, 278 (D. N.J. 1996).   Although Plaintiff received an extension to respond to Defendants' motion, she did not ask for permission to file a cross-motion.   In any event, Plaintiff's cross-motion fails to meet the high threshold required for a motion for reconsideration.   The Court will also not accept Plaintiff's cross-motion for reconsideration as a motion to amend her Complaint to include a claim for indemnification.

For the reasons stated above,

**IT IS** on this 7th day of April 2016,

**ORDERED** that Defendants' motion for reconsideration [Docket No. 74] will be, and hereby is, **DENIED**; and it is further

**ORDERED** that Plaintiff's cross-motion for reconsideration [Docket No. 78] will be, and hereby is, **DENIED**.


_____s/ Stanley R. Chesler_____
STANLEY R. CHESLER
United States District Judge